COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

STATE OF TEXAS                                    Criminal No. 746 and 3627.06

§

v.

VINCENT FLORES

This document contains some
pages that are of poor quality
at the time of imaging.

§

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 16 2015

Abel Acosta, Clerk

§

§

WRIT OF MANDAMUS

NOW INTO THIS HONORABLE COURT, comes Defendant(Vincent Flores), who moves this court

to order the 51st District Court of Sterling County, Texas to 1) Clarify the court's

December 11, 2014 order denying petition for WRIT OF ERROR CORAM NOBIS; OR IN THE

ALTERNATIVE MOTON TO WITHDRAW GUILTY PLEA or 2) issue a ruling on Defendant's WRIT OF

ERROR CORAM NOBIS; OR IN THE ALTERNATIVE; MOTION TO VACATE ORDER OF DEFERRED ADJUDICATION

COMMUNITY SUPERVISION(cause no. 746) and order the County Court of Sterling County, Texas

to issue a ruling on Defendant's WRIT OF ERROR CORAM NOBIS; OR IN ALTERNATIVE; MOTION

TO VACATE ORDER OF DEFERRED ADJUDICATION COMMUNITY SUPERVISION(cause no. 3627.06) for

the following reason to wit:

I.

In July 2014 Defendant filed a WRIT OF ERROR CORAM NOBIS; OR IN THE ALTERNATIVE MOTION

TO WITHDRAW GUILTY PLEA in the 51st District Court(cause no. 746) and the County

Court(cause no. 3627.06). ON August 6, 2014 the County Court denied Defendant's WRIT OF

ERROR CORAM NOBIS; OR IN THE ALTERNATIVE MOTION TO WITHDRAW GUILTY PLEA(cause no.

3627.06, see attached order). In November of 2014 Defendant submitted a WRIT OF ERROR

CORAM NOBIS; OR IN THE ALTERNATIVE MOTION TO VACATE ORDER OF DEFERRED ADJUDICATION

COMMUNITY SUPERVISION in the 51st District Court and County Coury of Sterling,

Texas(cause no.'s 3627.06 and 746--attached herein). On December 11, 2014 the 51st

District Court issued an order denying Defendant's petition for WRIT OF ERROR CORAM

NOBIS; OR IN THE ALTERNATIVE MOTION TO WITHDRAW GUILTY PLEA. One week later Defendant

filed a motion to the 51st District Court requesting that the court clarify the order and explain if the District Court was denying Defendant's first WRIT OF ERROR CORAM NOBIS; OR IN THE ALTERNATIVE MOTION TO WITHDRAW GUILTY PLEA, as the order indicates only or if the court construed Defendant's second WRIT OF ERROR CORAM NOBIS; OR IN THE ALTERNATIVE; MOTION TO VACATE ORDER OF DEFERRED ADJUDICATION COMMUNITY SUPERVISION as supplement to the first WRIT OF ERROR CORAM NOBIS and was denying them both. Defendant also contacted the County Court requesting that the court issue a ruling on the WRIT OF ERROR CORAM NOBIS; OR IN THE ALTERNATIVE MOTION TO VACATE ORDER OF DEFERRED ADJUDICATION COMMUNITY SUPERVISION. Defendant also explained to both courts that he had pending litigation in federal court(Western District of Texas-Midland/Odessa Division) that is relative to the outcome of the District and County courts ruling--Defendant was granted a stay by the federal court for this very reason. In January 2015, the 51st District Court again issued the exact same order without any clarification. That same month Defendant's family contacted the Clerk who represents both courts to insure that both courts had received the WRITS that were filed in November 2014, subsequently Defendant sent a second copy of both WRITS to the Clerk, this time the Clerk did acknowledge receiving the copys, however the Clerk stated that the copys were not signed or notarized, again in February 2015, Defendant sent a third copy, which was the second signed and notarized copy of the WRITS(cause no. 746 and 3627.06--enclosed) and which time Defendant explained that to both courts that he has pending litigation in federal court and requested the courts issue a ruling by March 5, 2015--Defendant gave notice to both courts that if no ruling was issued by March 5, 2015--Defendant would file a WRIT OF MANDAMUS with the Court of Criminal Appeals to order the District Court to 1) clarify the December 11, 2014 order or 2) rule on the WRIT OF ERROR CORAM NOBIS; OR IN THE ALTERNATIVE MOTION TO VACATE ORDER OF DEFERRED ADJUDICATION COMMUNITY SUPERVISION(casuse no. 746--enclosed) and order the County Court to issue a ruling on the WRIT OF ERROR CORAM NOBIS; OR IN THE ALTERNATIVE MOTION TO VACATE ORDER OF DEFERRED ADJUDICATION SUPER-VISION(cause no. 3627.06--enclosed).

II.

Based on the above described facts, Defendant respectfully request that the Court of Criminal Appeals order the 51st District Court to 1) clarify the December 11, 2014 order or 2) issue a ruling on the WRIT OF ERROR CORAM NOBIS; OR IN THE ALTERNATIVE MOTION TO VACATE ORDER OF DEFERRED ADJUDICATION COMMUNITY SUPERVISION(cause no. 746--enclosed) and order the County Court to issue a ruling on the WRIT OF ERROR CORAM NOBIS; OR IN THE ALTERNATIVE MOTION TO VACATE ORDER OF DEFERRED ADJUDICATION COMMUNITY SUPERVISION(casuse no. 3627.06--enclosed).

## Conclusion

Wherefore, Defendant respectfully request that the Court of Criminal Appeals GRANTS Defendant's WRIT OF MANDAMUS.

## Certificate of Service

I hereby certify that a copy of the said motion was sent to opposing counsels and was mailed on March _10_ , 2015.

Vincent Flores
#88010280
F.C.I. Big Spring
1900 Simler Ave.
Big Spring, Tx. 79720

Cause No. <u>3627.06</u>

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| VS | § | OF |
| | § | |
| VINCENT FLORES | § | STERLING COUNTY, TEXAS |

## <u>ORDER REGARDING PETITION FOR WRIT OF ERROR CORAM NOBIS</u>

On this the 6 th day of Aug., 2014, the Court having examined and considered the Petition for Writ of Error Coram Nobis filed by Vincent Flores finds the pleading to be without merit and the relief sought is hereby denied.

Signed this 6th day of August, 2014.

_Ralph Sides_
Ralph Sides, County Judge

THE STATE OF TEXAS                    §          IN THE COUNTY COURT

                                      §

VS.                                   §          OF.

                                      §

VINCENT FLORES                        §          STERLING COUNTY, TEXAS

## VERIFIED PETITION FOR WRIT OF ERROR CORAM NOBIS; OR, IN THE ALTERNATIVE; MOTION TO VACATE ORDER OF DEFERRED ADJUDICATION COMMUNITY SUPERVISION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, VINCENT FLORES, the Defendant/Probationer in the above styled Cause (hereinafter "Flores"), and pursuant to this Court's inherent power, authority, and interest in preventing injustice, hereby files this Verified Petition for Writ of Error Coram Nobis; or, in the alternative; Motion to Vacate Order of Deferred Adjudication Community Supervision, and in support thereof, Flores would respectfully show the Court as follows:

### I.

On October 6, 2006, at approximately 7:30pm, a Sterling County Police Officer conducted a warrantless seizure and search of Flores's person, as well as a warrantless search of Flores's vehicle (as more fully detailed at Part VI of this motion, infra). Flores asserts that no legitimate basis existed which warranted the Officer's aforementioned actions (no degree of "reasonable suspicion" -or- "probable cause" -or- "consent" -or- "concern for officer safety" existed which justified the searches conducted).

### II.

As a result of the above referenced warrantless and unconsented search of Flores's vehicle, the searching Officer found a personal use quantity of Marijuana, and a personal use quantity of cocaine in Flores's vehicle. Upon discovery of the aforementioned Marijuana and cocaine, Flores was arrested by the searching Officer and charged as follows:

(A) For the Marijuana, Flores was charged--by Information issued in The **County Court** of Sterling County, Texas, CAUSE NO. 362706 (herein after "this Cause")--with a Class "B" Misdemeanor in violation of Texas Health and Safety Code §481.121(b)(1); and,

(B) For the cocaine, Flores was charged--by Indictment issued in The **District Court**, 51st Judicial District of Sterling County, Texas, CAUSE NO. 746st--with a "Third Degree" Felony in violation of Texas Health and Safety Code §481.115(c)".

## III.

On July 25, 2007, Flores agreed to plead guilty to the marijuana offense charged in this Cause. In exchange for that plea Flores agreed to accept the imposition of a twelve (12) month term of Deferred Adjudication Community Supervision (hereinafter "Supervision").

## IV.

On January 30, 2008, this Court--upon motion by Flores--granted Flores a reduction in, and early termination from, the aforementioned twelve (12) month term of Supervision.

## V.

Flores now asserts that his guilty plea to the marijuana offense charged in this Cause was **not** knowingly, intelligently, or voluntarily entered, and that:

(1) This Court's Order imposing the twelve (12) month term of Supervision;

(2) This Court's "findings of guilt" in this Cause; and,

(3) Any and all forms Flores signed (which purported to "waive" certain rights of Flores's);

are all constitutionally invalid because:

(A) Flores was never forewarned--either by this Court, the State Attorney's Office, or Defense Counsel Fred Brigman (hereinafter "Mr. Brigman")--of the completely unexpected collateral

consequences he would suffer in subsequent prosecutions as a result of his guilty plea--and this Court's findings of guilt--in this Cause;

(B) Flores's reasonable understandings and reasonable expectations-- regarding the effects and consequences of his aforementioned guilty plea--and/or this Court's findings of guilt--would have in subsequent criminal proceedings have been violated; and,

(C) Mr. Brigman never informed Flores that a legitimate and viable basis existed for Flores to move to suppress the drug evidence involved in this Cause, and that suppression of the drug evidence would lead to dismissal of the aforementioned charges against Flores in this Cause.

## VI.

Flores asserts that because his guilty plea in this Cause (for the reasons set forth herein) was not knowingly, intelligently, and voluntarily entered, then this Court's findings of guilt--along with the imposition of the aforementioned twelve (12) month term of Supervision--are constitutionally void, and the Order imposing said term of Supervision must therefore be vacated based upon the following facts, to wit:

(1) Moments prior to Flores's arrest on October 6, 2006 (at approximately 7:30pm), the arresting officer approached Flores--who was standing near the edge of a small lake located 40 yards behind the "Town and Country" convenience store in Sterling City, Texas, in an area then open to the public--and started questioning Flores about what he was doing.

(2) In response to the arresting officer's questions Flores stated he was waiting for his Cousin who was then in the Town and Country convenience store. The arresting officer then instructed Flores to walk to the front of the convenience store.

(3) At the front of the convenience store the arresting officer asked Flores whether any of the vehicles in the stores parking lot were his. Flores answered "yes" and then pointed out his car, a Ford Contour.

(4) The arresting officer told Flores "I'm going to put you in handcuffs because I want to search your car." Flores asked "why" and the arresting officer responded "because we've had some complaints about "vandalism."

(5) After pat frisking and handcuffing Flores (possibly for officer safety) the arresting officer proceeded to search Flores's vehicle, whereafter the drugs--specifically the marijuana which supports the offense charged in this Cause--was discovered, and resulted in Flores' arrest and subsequent prosecution in this Cause.

(6) At no time during the above described interactions between Flores and the arresting officer, did Flores do anything that would have warranted the officer handcuffing Flores or searching Flores's car. Flores never gave the officer consent to search his car, nor did the arresting officer--at any time--have lawful justification (meaning reasonable suspicion, probable cause, consent, concern for officer safety, etc.) to conduct a warrantless search of Flores's person or of Flores's car.

(7) Had Mr. Brigman told Flores that the arresting officer's above described conduct justified suppression of the drug evidence found in Flores's car, Flores would **never** have agreed to plead guilty in exchange for the aforementioned twelve (12) months of Supervision, Flores would instead have **insisted** that:

(A) Mr. Brigman file a motion to suppress the drug evidence--on the basis that the arresting officer lacked **any** reasonable suspicion, probable cause, consent, or concern for officer safety--that otherwise may have justified the Officer searching Flores's person and car (all in violation of Flores's Fourth Amendment right to be free from unlawful searches and seizures). And,

(B) Flores would have insisted on going to trial rather than entering what Mr. Brigman called a "plea of convenience" in this Cause.

(8) In addition to the above described Fourth Amendment violations--which Mr. Brigman **never** informed Flores could result in suppression of the drug evidence and dismissal of the Indictment in this Cause--Mr. Brigman also misadvised Flores about the effects his guilty plea, and the effects this Court's findings of guilt, would have on Flores in future criminal proceedings.

(9) Flores asserts that Mr. Brigman's affirmative misadvise (as described below) invalidates the knowing, intelligent, and voluntary nature of Flores's guilty plea in this Cause, as well as invalidates this Court's findings of guilt, the Order imposing the twelve (12) month term of Supervision, and all "waiver of rights" forms Flores signed in this Cause--because Mr. Brigman **expressly** informed Flores that:

(A) If Flores entered a "plea of convenience" guilty plea to the drug offense charged in this Cause (in exchange for the twelve (12) month term of Supervision); and,

(B) If Flores "stayed out of trouble" while on Supervision, Mr. Brigman **assured** Flores that he (Mr. Brigman) absolutely would:

(i) File for early termination of Flores's Supervision;

(ii) Ask this Court to allow Flores to withdraw his guilty plea; and,

(iii) If this Court granted Mr. Brigman's request that Flores be permitted to withdraw his guilty plea, Flores would have **no conviction** in this Cause that could be used against him in future criminal proceedings.

(10) Mr. Brigman further explicitly informed Flores that if this Court were to grant Flores the aforementioned early termination and withdrawal of

his guilty plea, Flores's criminal record in this Cause would be "wiped clean" and Flores would suffer no collateral consequences as a result of him pleading guilty in this Cause.

## VII.

Flores asserts that Mr. Brigman's above described express representations, as well as Mr. Brigman's complete failure to advise Flores regarding the existence of a **viable** basis to move for suppression of the drug evidence and dismissal of the charges in this Cause, are the **sole** reasons why Flores chose to plead guilty, rather than **insisting** that Mr. Brigman move to suppress the drug evidence, move to dismiss the charges, and proceed to trial in this Cause. Flores further asserts that had Mr. Brigman **not** advised Flores that if this Court were to allow Flores to withdraw his guilty plea—thereby "wiping away" Flores's criminal record in a manner that would not effect him in future criminal proceedings—Flores would **not** have entered a "plea of convenience" guilty plea, he instead would have **insisted** on going to trial on the drug offense charged in this Cause.

## VIII.

Flores asserts that as a result of Mr. Brigman's above described express representations—and material omissions—Flores developed certain reasonable understandings and resonable expectations, namely:

(1) Flores reasonably understood and reasonably expected that:

    (A) Mr. Brigman was at all times representing Flores to the best of his abilities, and in Flores's best interests;

    (B) Should this Court allow Flores to withdraw his guilty plea in this Cause, Flores's criminal record would be "wiped clean"; and,

    (C) If Flores's record was "wiped clean"—by withdrawal of his guilty plea in this Cause—then he would not have any "conviction" that could be used against him in any future criminal proceeding.

**IX.**

Flores asserts that his "reasonable understandings" and "reasonable expectations" (as previously described) were violated when:

(1) After pleading guilty to Count One of a multi-count, multi-defendant **federal** Indictment--issued in the U.S. District Court for the Western District of Texas (Midland-Odessa Division), Criminal Case No. MO-12-CR-00011 (hereinafter "federal case")--Flores's guilty plea--and/or this Court's findings of guilt--in this Cause was used to increase his Criminal History Score from "Category I" Criminal History, up to "Category II" Criminal history. The effect of his guilty plea--and/or this Court's findings of guilt--in this Cause, resulted in Flores's otherwise applicable sentencing guideline range of 168-210 months being increased to 188-235 months (a Category I Criminal History--combined with Flores's offense level of 35--would result in a guideline sentencing range of 168-210 months; while a Category II Criminal History--combined with Flores's offense level of 35--resulted in a guideline sentencing range of 188-235 months. Because Flores received a "low end" sentence of 188 months rather than a "low end" sentence of 168 months, Flores was prejudiced by receiving an extra 20 months as a result of his guilty plea--and/or this Court's findings of guilt in this Cause. See attached Exhibits A and B)).

**X.**

Flores asserts that the federal government's reliance upon his guilty plea--and/or this Court's findings of guilt--in this Cause, as a "sentence"--for purposes of increasing his Criminal History score from Category I up to Category II--violated Flores's above described "reasonable understandings" and "reasonable expectations" regarding the impact his guilty plea--and/or this Court's findings of guilt--in this Cause would have in future criminal proceedings. Because Flores's received a "low end" sentence of 188 months in his federal case, rather than receiving a "low end" sentence of 168 months, Flores was prejudiced by receiving an extra 20 months as a result of his guilty plea--and/or this Court's findings of guilt--in this Cause.

**XI.**

Flores requests that this Court find that his guilty plea--as well as this

Court's findings of guilt--in this Cause was "void ab initio," due to the extent of "collateral consequences" which Flores was **never** advised--either by this Court, the State Attorney's Office, or Mr. Brigman--he would be subjected to in future criminal proceedings, and because of the unknowing, unintelligent, and involuntary guilty plea Flores entered in this Cause--as a result of Mr. Brigman's ineffectiveness, misadvise, and withholding of relevant information (information that **would**have changed the outcome of this Cause, as well as changed the outcome of Flores's federal case).

## LEGAL ARGUMENT

### XII.

The Texas courts have routinely found that when a defendant is not adequately apprised of the consequences of his guilty plea, or that he was not fully informed (or otherwise mislead) by defense counsel or the Court, the defendant's plea is constitutionally **invalid**. See Anderson v. State, 182 S.W. 3d 914 (Tex. Crim. App. 2006). This is in keeping with the general principle that a defendant must be fully informed of the consequences attendant from his guilty plea.

### XIII.

The writ of error coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate his criminal conviction on constitutional grounds. See United States v. Hatten, 167 F. 3d 884, 887 n. 6 (5th Cir 1999). Where a defendant is no longer in custody on the conviction under attack, coram nobis is the appropriate vehicle under which to challenge the validity of the conviction if the defendant's guilty plea--and/or the Court's findings of guilt--were premised upon misinformation (or the **withholding** of material information), and for claims regarding ineffective assistance of counsel relative to the validity of the guilty plea--and/or the Court's findings of guilt. See Campos-Conrrada v. Thaler, No. 3:12-CV-4190, 2012 U.S. Dist. Lexis 166457 (N.D. Tex. Oct. 23, 2012).

**WHEREFORE, PREMISES CONSIDERED,** and in light of the foregoing facts and legal arguments, Flores prays that this Court will enter an order vacating the July 25, 2007, Order which imposed Flores's twelve (12) month term of Deferred Adjudication Community Supervision, and that this Court will grant Flores any other relief to which he is justly entitled.

Respectfully submitted,

Vincent Flores
Federal Register Number 88010-280
Federal Correctional Institution
1900 Simler Avenue
Big Spring, Texas 79720

## VERIFICATION

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HOWARD** | § |

ON THIS DAY personally appeared VINCENT FLORES, who, after being placed under oath, stated the following:

"My name is VINCENT FLORES, Federal Inmate Register Number 88010-280, and I am the Defendant/Probationer in this Cause (Cause No. 746ST, in the District Court, 51st Judicial District of Sterling County, Texas), and I have been so at all material times relevant to this proceeding."

"I have read the foregoing "Verified Petition for Writ of Error Coram Nobis; or, in the Alternative; Motion to Vacate Order of Deferred Adjudication Community Supervision" and every statement, fact, and assertion contained therein is within my personal knowledge and is completely truthful and correct."

Vincent Flores

Sworn to and subscribed before me on _____

NOTARY PUBLIC

**(Page 9 of 10)**

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the above and foregoing instrument was sent via First Class Mail, postage pre-paid, this 31st day of October, 2014, to the County Attorney's Office at: P.O. Box 88, Sterling City, Texas 76951; and 609 4th Avenue, Sterling City 76951; and all in accordance with Texas Rules of Criminal Procedure.

_____
Vincent Flores

A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

UNITED STATES OF AMERICA        )        MO-12-CR-011
                                )
VS.                             )        Sentencing
                                )
VINCENT FLORES                  )        January 10, 2013

BEFORE THE HONORABLE ROBERT JUNELL
UNITED STATES DISTRICT JUDGE
In Midland, Texas

FOR THE GOVERNMENT:        MR. RUSSELL D. LEACHMAN
                           Assistant United States Attorney
                           601 N.W. Loop 410, Suite 600
                           San Antonio, Texas  78216
                           (210) 384-7016


FOR THE DEFENDANT:         MR. STEVE HERSHBERGER
                           Attorney at Law
                           600 N. Marienfeld, Suite 850
                           Midland, Texas  79701
                           (432) 570-4014


COURT REPORTER:            MR. TODD ANDERSON, RMR, CRR
                           United States Court Reporter
                           200 E. Wall, Rm. 116
                           Midland, Texas  79701
                           (432) 686-0605




        The above-styled and numbered cause was reported by
mechanical stenography and produced by computer.

what portions of those will be distributed to those persons.

THE COURT:   Under Application Note 2 under 3B1.1 of the Sentencing Guidelines, it provides, "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants.  An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization."

The Court finds that there is significant evidence contained in the presentence report that the Defendant was a person who did exercise management responsibility over property assets, that being the cocaine that was coming into the United States, and overrules your objection.

Your next objection has to do with criminal history points on paragraph -- I can't read my writing now. What paragraph was that Mr. Hershberger?

PROBATION OFFICER:  Paragraph 76, Your Honor.

THE COURT:  76.  Okay.  Paragraph 76.  And that was the conviction on October 6 -- excuse me -- the arrest on October 6, 2006.

One was for possession of a controlled substance, cocaine, and was charged in the 51st Judicial District Court

of Sterling County, Texas. And the Defendant pled guilty on May 29, 2007, got a deferred adjudication.

And then possession of marijuana was in the County Court of Sterling County in a different cause number. One was Cause Number -- the District Court case, the cocaine case, was Cause Number 746, and the County Court of Sterling County was Cause Number 362706. And he was given one point for that.

And I think your position is they should not -- only one of them should be counted; is that --

MR. HERSHBERGER: Yes. One -- both filings come out of the same stop in Sterling County.

THE COURT: Okay. And did you read Mr. Crouch's response?

MR. HERSHBERGER: Yes. What he is saying is it is -- it is treated separately, but then there's the -- there's the word "unless." And if the word "unless" -- unless he is sentenced on different days -- if he's sentenced on different days, then that basically does not aid Mr. Flores. But if it arises out of the same charging document, then that would -- then it would not count.

And my understanding, that he was arrested and booked into Sterling County on both charges. So the charging -- the charging instrument there, what he would be held on out of Sterling County, it's on both -- it's -- both

conspiracy before the date that he pled and got -- received probation. If he was involved in it -- and I think, as I recall, the dates of the probation were there in 2007.

So he pled and he was given probation, one case on May 29th, the other one on July 25th. And so from that time period, say, May 29, 2007, and you said he was on -- he was discharged from one probation on February 4, 2008. I don't see where -- I guess the second one -- Okay. He had got 12 months deferred probation.

On the other case, the County Court case, Mr. Crouch, when did he come off of probation on that case? Because it's not listed in the presentence report.

PROBATION OFFICER: Your Honor, he was discharged on the County case on January 30, 2008.

THE COURT: Okay. So January 30, 2008. So he spent about six months then on probation.

Mr. Leachman, other than this statement, do you have any other evidence that the Defendant was involved in the conspiracy during that time frame?

MR. LEACHMAN: Other than similar passing statements like that, Your Honor, no.

THE COURT: Okay. I'm going to grant the Defendant's objection and take the two points -- or take -- yeah. That would be the two points under the criminal history compilation. So that would be two points rather

than four points.

So that would be -- paragraph 78, we'll take it out. And then the same thing on paragraph 79 will now be -- he will have criminal history points is two points for a criminal history category of 2 rather than 3.

Any other objections?

MR. HERSHBERGER: No other objections, Your Honor.

THE COURT: Okay. Does the Government have any objections?

MR. LEACHMAN: No, Your Honor.

THE COURT: Okay. I have reviewed the presentence investigation report prepared by U.S. Probation Officer Jason Crouch. I find the report accurate and correct with the exception of the points we just talked about on the criminal history score for committing the acts while on probation in another offense.

I adopt the report as amended and the application of the U.S. Sentencing Guidelines as amended.

The total offense level is a 35.

The criminal history category, a 2.

The guideline range for custody is 188 to 235 months.

The Defendant is ineligible for probation.

Supervised release is five years.

The fine range is $20,000.00 to $10 million.

27

degrees, an associate's degree at a junior college in Iowa, and then he played baseball at the University of South Dakota.

He actually applied to work for the United States Border Patrol.

He -- he's played semi-pro baseball, tried to help this man who has a baseball academy there in San Marcos. And the gentleman -- they call him Cookie. That's his nickname -- has just great things to say about him.

Really, this is the type of thing where if they could film a sentencing and show it to people in high school, this would be a good one, and kind of tell high school kids, you know, this is what can happen to you when you make choices that are the bad choices right here. And that's what's happened.

But I think he's committed to trying to atone not only to the Court, to his family, but to the citizens of this country and try to -- try to help in this situation. And so we would ask the Court to consider sentencing him at the bottom of the guidelines in this case.

THE COURT: Mr. Leachman?

MR. LEACHMAN: Judge, I don't have anything to add. I don't oppose the bottom of the guidelines. And I would ask the Court to dismiss the remaining counts at the conclusion.

THE COURT: Mr. Hershberger, where does your client want to spend his time?

MR. HERSHBERGER: Your Honor, he requests Big Spring.

THE COURT: All right. I'm not departing from the recommended sentence.

Pursuant to the Sentencing Reform Act of 1984, which I have considered in an advisory capacity, and the sentencing factors set forth in 18, United States Code, Section 3553(a), which I have considered in arriving at a reasonable sentence -- and I do find the guideline-range in this case to be fair and reasonable -- the following sentence is imposed:

Vincent Flores is placed in the custody of the U.S. Bureau of Prisons to serve a term of imprisonment of 188 months.

I will recommend that he be placed at the men's facility at Big Spring until he becomes eligible to participate in the 500-hour drug treatment program and then be transferred to a facility that has that program; that he gets also education and job training.

Upon release from the Bureau of Prisons, you're placed on supervised release for a term of five years.

The general terms of supervised release are those set for the U.S. Courts for the Western District of Texas.

Todd Anderson, RMR, CRR                    (432) 686-0605

EX PARTE

IN THE 51st District Court

OF STERLING COUNTY, TEXAS

**VINCENT FLORES, APPLICANT**

**ORDER DENYING PETITION FOR WRIT OF ERROR CORAM NOBIS OR IN THE ALTERNATIVE MOTION TO WITHDRAW GUILTY PLEA**

The defendant, VINCENT FLORES filed a Petition for Writ of Error Coram Nobis or in the Alternative Motion to Withdraw Guilty Plea.

The Court having review file finds said motions should be DENIED.

IT IS ACCORDINGLY ORDERED that the Petition for Writ of Error Coram Nobis or in the Alternative Motion to Withdraw Guilty Plea be and the same is hereby DENIED.

SIGNED _____ DEC 11 2014 _____.

_____
JUDGE PRESIDING

XC: Allison Palmer

Vincent Flores
FCI Big Spring
1900 Simler Avenue
Big Spring, TX 79720

FILED December 18, 2014
At 2:12 o'clock P M
SUSAN WYATT
District Clerk Sterling County, Texas
By _____, Deputy

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | 51st JUDICIAL DISTRICT |
| | § | |
| VINCENT FLORES | § | OF STERLING COUNTY, TEXAS |

## VERIFIED PETITION FOR WRIT OF ERROR CORAM NOBIS; OR, IN THE ALTERNATIVE; MOTION TO VACATE ORDER OF DEFERRED ADJUDICATION COMMUNITY SUPERVISION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, VINCENT FLORES, the Defendant/Probationer in the above styled Cause (hereinafter "Flores"), and pursuant to this Court's inherent power, authority, and interest in preventing injustice, hereby files this Verified Petition for Writ of Error Coram Nobis; or, in the alternative; Motion to Vacate Order of Deferred Adjudication Community Supervision, and in support thereof, Flores would respectfully show the Court as follows:

I.

On October 6, 2006, at approximately 7:30pm, a Sterling County Police Officer conducted a warrantless seizure and search of Flores's person, as well as a warrantless search of Flores's vehicle (as more fully detailed at Part VI of this motion, infra). Flores asserts that no legitimate basis existed which warranted the Officer's aforementioned actions (no degree of "reasonable suspicion" -or- "probable cause" -or- "consent" -or- "concern for officer safety" existed which justified the searches conducted).

II.

As a result of the above referenced warrantless and unconsented search of Flores's vehicle, the searching Officer found a personal use quantity of Marijuana, and a personal use quantity of cocaine in Flores's vehicle. Upon discovery of the aforementioned Marijuana and cocaine, Flores was arrested by the searching Officer and charged as follows:

(Page 1 of 11)

(A) For the Marijuana, Flores was charged--by Information issued in The **County Court** of Sterling County, Texas, CAUSE NO. 362706--with a Class "B" Misdemeanor in violation of Texas Health and Safety Code §481.121(b)(1); and,

(B) For the cocaine, Flores was charged--by Indictment issued in The **District Court** 51st Judicial District of Sterling County, Texas, CAUSE NO. 746st (hereinafter "this Cause")--with a "Third Degree" Felony in violation of Texas Health and Safety Code §481.115(c)".

### III.

On May 29, 2007, Flores agreed to plead guilty to the cocaine offense charged in this Cause. In exchange for that plea Flores agreed to accept the imposition of a three (3) year term of Deferred Adjudication Community Supervision (hereinafter "Supervision").

### IV.

On February 4, 2008, this Court--upon motion by Flores--granted Flores a reduction in, and early termination from, the aforementioned three (3) year term of Supervision.

### V.

Flores now asserts that his guilty plea to the cocaine offense charged in this Cause was **not** knowingly, intelligently, or voluntarily entered, and that:

(1) This Court's Order imposing the three (3) year term of Supervision;

(2) This Court's "findings of guilt" in this Cause; and,

(3) Any and all forms Flores signed (which purported to "waive" certain rights of Flores's;

are all constitutionally invalid because:

(A) Flores was never forewarned--either by this Court, the State Attorney's Office, or Defense Counsel Fred Brigman (hereinafter "Mr.

Brigman")--of the completely unexpected collateral consequences he would suffer in subsequent prosecutions as a result of his guilty plea--and this Court's findings of guilt--in this Cause;

(B) Flores's reasonable understandings and reasonable expectations-- regarding the effects and consequences of his aforementioned guilty plea and this Court's findings of guilt--would have in subsequent criminal proceedings have been violated; and,

(C) Mr. Brigman never informed Flores that a legitimate and viable basis existed for Flores to move to suppress the drug evidence involved in this Cause, and that suppression of the drug evidence would lead to dismissal of the aforementioned Indictment against Flores in this Cause.

## VI.

Flores asserts that because his guilty plea in this Cause (for the reasons set forth herein) was not knowingly, intelligently, and voluntarily entered, then this Court's findings of guilt--along with the imposition of the aforementioned three (3) year term of Supervision--are constitutionally void, and the Order imposing said term of Supervision must therefore be vacated based upon the following facts, to wit:

(1) Moments prior to Flores's arrest on October 6, 2006 (at approximately 7:30pm), the arresting officer approached Flores--who was standing near the edge of a small lake located 40 yards behind the "Town and Country" convenience store in Sterling City, Texas, in an area then open to the public--and started questioning Flores about what he was doing.

(2) In response to the arresting officer's questions Flores stated he was waiting for his Cousin who was then in the Town and Country convenience store. The arresting officer then instructed Flores to walk to the front of the convenience store.

(3) At the front of the convenience store the arresting officer asked Flores whether any of the vehicles in the stores parking lot were his. Flores answered "yes" and then pointed out his car, a Ford Contour.

(4) The arresting officer told Flores "I'm going to put you in handcuffs because I want to search your car." Flores asked "why" and the arresting officer responded "because we've had some complaints about "vandalism."

(5) After pat frisking and handcuffing Flores (possibly for officer safety) the arresting officer proceeded to search Flores's vehicle, whereafter the drugs--specifically the cocaine which supports the offense charged in this Cause--was discovered, and resulted in Flores' arrest and subsequent prosecution in this Cause.

(6) At no time during the above described interactions between Flores and the arresting officer, did Flores do anything that would have warranted the officer handcuffing Flores or searching Flores's car. Flores never gave the officer consent to search his car, nor did the arresting officer--at any time--have lawful justification (meaning reasonable suspicion, probable cause, consent, concern for officer safety, etc.) to conduct a warrantless search of Flores's person or of Flores's car.

(7) Had Mr. Brigman told Flores that the arresting officer's above described conduct justified suppression of the drug evidence found in Flores's car, Flores would **never** have agreed to plead guilty in exchange for the aforementioned three (3) years of Supervision, Flores would instead have **insisted** that:

(A) Mr. Brigman file a motion to suppress the drug evidence--on the basis that the arresting officer lacked **any** reasonable suspicion, probable cause, consent, or concern for officer safety--that otherwise may have justified the Officer searching Flores's person and car (all in violation of Flores's Fourth Amendment right to be free from unlawful searches and seizures). And,

(B)  Flores would have insisted on going to trial rather than entering what Mr. Brigman called a "plea of convenience" in this Cause.

(8)  In addition to the above described Fourth Amendment violations--which Mr. Brigman **never** informed Flores could result in suppression of the drug evidence and dismissal of the Indictment in this Cause--Mr. Brigman also misadvised Flores about the effects his guilty plea, and the effects this Court's findings of guilt, would have on Flores in future criminal proceedings.

(9)  Flores asserts that Mr. Brigman's affirmative misadvise (as described below) invalidates the knowing, intelligent, and voluntary nature of Flores's guilty plea in this Cause, as well as invalidates this Court's findings of guilt, the Order imposing the three (3) year term of Supervision, and all "waiver of rights" forms Flores signed in this Cause--because Mr. Brigman **expressly** informed Flores that:

(A)  If Flores entered a "plea of convenience" guilty plea to the drug offense charged in this Cause (in exchange for the (3) year term of Supervision); and,

(B)  If Flores "stayed out of trouble" while on Community Supervision, Mr. Brigman **assured** Flores that he (Mr. Brigman) absolutely would:

(i)  File for early termination of Flores's Community Supervision;

(ii)  Ask this Court to allow Flores to withdraw his guilty plea; and,

(iii)  If this Court granted Mr. Brigman's request that Flores be permitted to withdraw his guilty plea, Flores would have **no conviction** in this Cause that could be used against him in future criminal proceedings.

(10)  Mr. Brigman further explicitly informed Flores that if this Court were to grant Flores the aforementioned early termination and withdrawal of

(Page 5 of 11)

his guilty plea, Flores's criminal record in this Cause would be "wiped clean" and Flores would suffer no collateral consequences as a result of him pleading guilty in this Cause.

## VII.

Flores asserts that Mr. Brigman's above described express representations, as well as Mr. Brigman's complete failure to advise Flores regarding the existence of a **viable** basis to move for suppression of the drug evidence and dismissal of the Indictment in this Cause, are the **sole** reasons why Flores chose to plead guilty, rather than **insisting** that Mr. Brigman move to suppress the drug evidence, move to dismiss the indictment, and proceed to trial in this Cause. Flores further asserts that had Mr. Brigman **not** advised Flores that if this Court were to allow Flores to withdraw his guilty plea— thereby "wiping away" Flores's criminal record in a manner that would not effect him in future criminal proceedings—Flores would **not** have entered a "plea of convenience" guilty plea, he instead would have **insisted** on going to trial on the drug offense charged in this Cause.

## VIII.

Flores asserts that as a result of Mr. Brigman's above described express representations—and material omissions—Flores developed certain reasonable understandings and resonable expectations, namely:

(1) Flores reasonably understood and reasonably expected that:

(A) Mr. Brigman was at all times representing Flores to the best of his abilities, and in Flores's best interests;

(B) Should this Court allow Flores to withdraw his guilty plea in this Cause, Flores's criminal record would be "wiped clean"; and,

(C) If Flores's record was "wiped clean"—by withdrawal of his guilty plea in this Cause—then he would not have any "conviction" that could be used against him in any future criminal proceeding.

Flores asserts that his "reasonable understandings" and "reasonable expectations" (as described above) were violated when:

(1) After being charged in a multi-count, multi-defendant **federal** Indictment—issued in the U.S. District Court for the Western District of Texas (Midland-Odessa Division), Criminal Case No. MO-12-CR-00011 (hereinafter "federal case")—Flores was served with a 21 U.S.C. §851 information notifying him that his Deferred Adjudication guilty plea in this Cause was considered a "conviction" and would be used to enhance Flores's statutory mandatory minimum sentence from 10 years, up to 20 years (see attached Exhibit A);

(2) As a means of allowing Flores the opportunity to avoid receiving the enhanced 20 year statutory mandatory minimum sentence, the government offered to **withdraw** the aforementioned §851 notice of enhancement in exchange for Flores agreeing to the following terms:

   (A) Plead guilty to Count One of the federal Indictment (conspiracy to distribute a controlled substance, in violation of 21 U.S.C §846);

   (B) Waive every right Flores had to challenge his federal sentence and conviction on direct appeal;

   (C) Waive every right Flores had to challenge his federal sentence and conviction in **any** collateral proceeding.

(3) At sentencing in the federal case Flores's guilty plea in this Cause was used to increase his Criminal History Score—from "Category I" Criminal History up to "Category II" Criminal history—the effect of which resulted in Flores's otherwise applicable sentencing guideline range of 168-210 months being increased to 188-235 months (a Category I Criminal History—combined with Flores's offense level of 35—would result in a guideline sentencing range of 168-210 months; while a Category II

Criminal History—combined with Flores's offense level of 35—resulted in a guideline sentencing range of 188-235 months. Because Flores received a "low end" sentence of 188 months rather than a "low end" sentence of 168 months, Flores was prejudiced by receiving an extra 20 months as a result of his guilty plea—and/or this Court's findings of guilt—in this Cause. See attached Exhibits B and C.

## X.

Flores asserts that the federal government's reliance upon his guilty plea —and or this Court's findings of guilt—in this Cause:

(1) As a "conviction"—for purposes of enhancing his statutory mandatory minimum sentence from 10 years up to 20 years; and,

(2) As a "sentence"—for purposes of increasing his Criminal History score from Category I up to Category II;

violated Flores's above described "reasonable understandings" and "reasonable expectations" regarding the impact his Deferred Adjudication guilty plea— and/or this Court's findings of guilt—in this Cause would have in future criminal proceedings.

## XI.

Flores further asserts that if not for the federal government's utilization of his **invalid** guilty plea—and/or this Court's **invalid** findings of guilt—in this Cause, to enhance his statutory mandatory minimum sentence, Flores **never** would have agreed to plead guilty in the federal case under the above described conditions. Instead, Flores would have entered an "open" guilty plea—without waiver of **any** of his appellate or collateral rights—which, in turn, would have resulted in Flores **not** having his direct appeal dismissed due to the above "waiver," and would have resulted in Flores receiving a **lower** sentence in the federal case.

## XII.

Flores requests that this Court find that his guilty plea—as well as this Court's findings of guilt—in this Cause was "void ab initio," due to the

extent of "collateral consequences" which Flores was **never** advised--either by this Court, the State Attorney's Office, or Mr. Brigman--he would be subjected to in future criminal proceedings, and because of the unknowing, unintelligent, and involuntary guilty plea Flores entered in this Cause--as a result of Mr. Brigman's ineffectiveness, misadvise, and withholding of relevant information (information that **would** have changed the outcome of this Cause, as well as changed the outcome of Flores's federal case).

## LEGAL ARGUMENT

### XIII.

The Texas courts have routinely found that when a defendant is not adequately apprised of the consequences of his guilty plea, or that he was not fully informed (or otherwise mislead) by defense counsel or the Court, the defendant's plea is constitutionally **invalid**. See Anderson v. State, 182 S.W. 3d 914 (Tex. Crim. App. 2006). This is in keeping with the general principle that a defendant must be fully informed of the consequences attendant from his guilty plea.

### XIV.

The writ of error coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate his criminal conviction on constitutional grounds. See United States v. Hatten, 167 F. 3d 884, 887 n. 6 (5th Cir 1999). Where a defendant is no longer in custody on the conviction under attack, coram nobis is the appropriate vehicle under which to challenge the validity of the conviction if the defendant's guilty plea--and/or the Court's findings of guilt--were premised upon misinformation (or the **withholding** of material information), and for claims regarding ineffective assistance of counsel relative to the validity of the guilty plea--and/or the Court's findings of guilt. See Campos-Conrrada v. Thaler, No. 3:12-CV-4190, 2012 U.S. Dist. Lexis 166457 (N.D. Tex. Oct. 23, 2012).

WHEREFORE, PREMISES CONSIDERED, and in light of the foregoing facts and legal arguments, Flores prays that this Court will enter an order vacating the May 29, 2007, Order which imposed Flores's three (3) year term of Deferred Adjudication Community Supervision, and that this Court will grant Flores any other relief to which he is justly entitled.

Respectfully submitted,

_____
Vincent Flores
Federal Register Number 88010-280
Federal Correctional Institution
1900 Simler Avenue
Big Spring, Texas 79720

## VERIFICATION

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HOWARD** | § |

ON THIS DAY personally appeared VINCENT FLORES, who, after being placed under oath, stated the following:

"My name is VINCENT FLORES, Federal Inmate Register Number 88010-280, and I am the Defendant/Probationer in this Cause (Cause No. 746ST, in the District Court, 51st Judicial District of Sterling County, Texas), and I have been so at all material times relevant to this proceeding."

"I have read the foregoing "Verified Petition for Writ of Error Coram Nobis; or, in the Alternative; Motion to Vacate Order of Deferred Adjudication Community Supervision" and every statement, fact, and assertion contained herein is within my personal knowledge and is completely truthful and correct."

_____
Vincent Flores

Sworn to and subscribed before me on _____

_____
NOTARY PUBLIC

**(Page 10 of 11)**

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the above and foregoing instrument was sent via First Class Mail, postage pre-paid, this 31st day of October, 2014, to the Sterling County District Attorney's Office at: 124 Beauregard Avenue, San Angelo, Texas 76903, and all in accordance with Texas Rules of Criminal Procedure.

_____
Vincent Flores

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. MO-12-CR-00011-RAJ(5) |
| | ) | |
| VINCENT FLORES aka "Ceniso" | ) | |
| | ) | |
| Defendant. | ) | |

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE
(21 U.S.C. § 851)

That on or about May 29, 2007, Defendant, VINCENT FLORES aka "Ceniso", was

convicted of Possession of a Controlled Substance, in violation of 481.115(c) HSC; said conviction

was filed in the 51st District Court of Sterling County, Texas, in Case No. 746. A true and correct

copy of said judgment is attached hereto as Exhibit "A".

The United States Attorney for the Western District of Texas, files this Information pursuant

to the provisions of Title 21, United States Code, Section 851, for enhancement of punishment.

Respectfully submitted,

ROBERT PITMAN
UNITED STATES ATTORNEY

BY: _____/s/_____

Russell D. Leachman
Assistant U.S. Attorney
Texas State Bar No. 112069710
601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5512
(210) 384-7022
(210) 384-7028 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2012, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Steve Hershberger
600 N. Marienfeld St., Ste 850
Midland, TX 79701

Stevehersh@sbcglobal.net

/s/
RUSSELL D. LEACHMAN
Assistant U.S. Attorney

CASE No. 746      COUNT SINGLE COUNT

INCIDENT NO./TRN: 010 615 3315

FILED _June 25, 2007_
At _6:17_ o'clock _P_
SUSAN WYATT
District Clerk, Sterling County, Texas
By _____, Deputy



| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 51ST DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| VINCENT NAVERETTE FLORES | § | STERLING COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX07828705 | § | |

## ORDER OF DEFERRED ADJUDICATION

| Judge Presiding: | HON. BARBARA L. WALTHER | Date Order Entered: | 5/29/2007 |
|---|---|---|---|

| Attorney for State: | STEPHEN LUPTON | Attorney for Defendant: | FRED BRIGMAN |
|---|---|---|---|

**Offense:**
POSSESSION OF A CONTROLLED SUBSTANCE, PG1, TO-WIT: COCAINE, IN AN AMOUNT, BY AGGREGATE WEIGHT, INCLUDING ANY ADULTERANTS AND DILUTANTS, OF ONE (1) GRAM OR MORE BUT LESS THAN FOUR (4) GRAMS

| Charging Instrument: | Statute for Offense: |
|---|---|
| INDICTMENT | 481.115(c) Health and Safety Code |

| Date of Offense: |
|---|
| 10/6/2006 |

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| 3RD DEGREE FELONY | GUILTY | N/A |

**Terms of Plea Bargain:**
DEFENDANT PLACED ON THREE (3) YEARS DEFERRED ADJUDICATION COMMUNITY SUPERVISON AND ORDERED TO PAY A FINE OF $1,000.00 AND RESTITUTION OF $140.00

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

### ADJUDICATION OF GUILT DEFERRED;
### DEFENDANT PLACED ON COMMUNITY SUPERVISION.

### PERIOD OF COMMUNITY SUPERVISION: THREE (3) YEARS

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ 1,000.00 | $ See attached Bill of Costs | $ 140.00 (see Cond. C.S.) | ☐ VICTIM (see below)   ☒ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was N/A .

| Time Credited: | N/A DAYS <br> NOTES: N/A |
|---|---|

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Sterling County, Texas. The State appeared by her District Attorney as named above.

<u>Counsel / Waiver of Counsel</u> (select one)
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered a plea as indicated above. The Court admonished the Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS such evidence substantiates Defendant's guilt. The Court FINDS that, in this cause, it is in the best interest of society and Defendant to defer proceedings without entering an adjudication of guilt and to place Defendant on community supervision.

The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS that Defendant is given credit noted above for the time spent incarcerated. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

The Court ORDERS that no judgment shall be entered at this time. The Court further ORDERS that Defendant be placed on community supervision for the adjudged period so long as Defendant abides by and does not violate the terms and conditions of community supervision. See TEX. CODE CRIM. PROC. art. 42.12 § 5(a).

<u>Furthermore, the following special findings or orders apply:</u>

NONE

---

Rendered and entered on May 29, 2007, but signed this day of _____

JUDGE PRESIDING

NO. 746

THE STATE OF TEXAS                              IN THE DISTRICT COURT OF

VS.                                             STERLING COUNTY, TEXAS

VINCENT NAVERETTE FLORES                        51ST JUDICIAL DISTRICT

ATTACHMENT TO JUDGEMENT
DATED _May 29, 2007_

FINGERPRINT OF DEFENDANT
RIGHT THUMB

Deputy
STERLING County Sheriff's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

UNITED STATES OF AMERICA )  MO-12-CR-011

VS. )  Sentencing

VINCENT FLORES )  January 10, 2013

BEFORE THE HONORABLE ROBERT JUNELL
UNITED STATES DISTRICT JUDGE
In Midland, Texas

FOR THE GOVERNMENT:    MR. RUSSELL D. LEACHMAN
                       Assistant United States Attorney
                       601 N.W. Loop 410, Suite 600
                       San Antonio, Texas 78216
                       (210) 384-7016

FOR THE DEFENDANT:     MR. STEVE HERSHBERGER
                       Attorney at Law
                       600 N. Marienfeld, Suite 850
                       Midland, Texas 79701
                       (432) 570-4014

COURT REPORTER:        MR. TODD ANDERSON, RMR, CRR
                       United States Court Reporter
                       200 E. Wall, Rm. 116
                       Midland, Texas 79701
                       (432) 686-0605

The above-styled and numbered cause was reported by mechanical stenography and produced by computer.

what portions of those will be distributed to those persons.

THE COURT: Under Application Note 2 under 3B1.1 of the Sentencing Guidelines, it provides, "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization."

The Court finds that there is significant evidence contained in the presentence report that the Defendant was a person who did exercise management responsibility over property assets, that being the cocaine that was coming into the United States, and overrules your objection.

Your next objection has to do with criminal history points on paragraph -- I can't read my writing now. What paragraph was that, Mr. Hershberger?

PROBATION OFFICER: Paragraph 76, Your Honor.

THE COURT: 76. Okay. Paragraph 76. And that was the conviction on October 6 -- excuse me -- the arrest on October 6, 2006.

One was for possession of a controlled substance, cocaine, and was charged in the 51st Judicial District Court

of Sterling County, Texas. And the Defendant pled guilty on May 29, 2007, got a deferred adjudication.

And then possession of marijuana was in the County Court of Sterling County in a different cause number. One was Cause Number -- the District Court case, the cocaine case, was Cause Number 746, and the County Court of Sterling County was Cause Number 362706. And he was given one point for that.

And I think your position is they should not -- only one of them should be counted; is that --

MR. HERSHBERGER: Yes. One -- both filings come out of the same stop in Sterling County.

THE COURT: Okay. And did you read Mr. Crouch's response?

MR. HERSHBERGER: Yes. What he is saying is it is -- it is treated separately, but then there's the -- there's the word "unless." And if the word "unless" -- unless he is sentenced on different days -- if he's sentenced on different days, then that basically does not aid Mr. Flores. But if it arises out of the same charging document, then that would -- then it would not count.

And my understanding, that he was arrested and booked into Sterling County on both charges. So the charging -- the charging instrument there, what he would be held on out of Sterling County, it's on both -- it's -- both

conspiracy before the date that he pled and got -- received probation. If he was involved in it -- and I think, as I recall, the dates of the probation were there in 2007.

So he pled and he was given probation, one case on May 29th, the other one on July 25th. And so from that time period, say, May 29, 2007, and you said he was on -- he was discharged from one probation on February 4, 2008. I don't see where -- I guess the second one -- Okay. He had got 12 months deferred probation.

On the other case, the County Court case, Mr. Crouch, when did he come off of probation on that case? Because it's not listed in the presentence report.

PROBATION OFFICER: Your Honor, he was discharged on the County case on January 30, 2008.

THE COURT: Okay. So January 30, 2008. So he spent about six months then on probation.

Mr. Leachman, other than this statement, do you have any other evidence that the Defendant was involved in the conspiracy during that time frame?

MR. LEACHMAN: Other than similar passing statements like that, Your Honor, no.

THE COURT: Okay. I'm going to grant the Defendant's objection and take the two points -- or take -- yeah. That would be the two points under the criminal history compilation. So that would be two points rather

Todd Anderson, RMR, CRR                    (432) 686‑0605
USCA5 326

22

than four points.

So that would be -- paragraph 78, we'll take it out. And then the same thing on paragraph 79 will now be -- he will have criminal history points is two points for a criminal history category of 2 rather than 3.

Any other objections?

MR. HERSHBERGER: No other objections, Your Honor.

THE COURT: Okay. Does the Government have any objections?

MR. LEACHMAN: No, Your Honor.

THE COURT: Okay. I have reviewed the presentence investigation report prepared by U.S. Probation Officer Jason Crouch. I find the report accurate and correct with the exception of the points we just talked about on the criminal history score for committing the acts while on probation in another offense.

I adopt the report as amended and the application of the U.S. Sentencing Guidelines as amended.

The total offense level is a 35.

The criminal history category a 2.

The guideline range for custody is 188 to 235 months.

The Defendant is ineligible for probation.

Supervised release is five years.

The fine range is $20,000.00 to $10 million.

degrees, an associate's degree at a junior college in Iowa, and then he played baseball at the University of South Dakota.

He actually applied to work for the United States Border Patrol.

He -- he's played semi-pro baseball, tried to help this man who has a baseball academy there in San Marcos. And the gentleman -- they call him Cookie. That's his nickname -- has just great things to say about him.

Really, this is the type of thing where if they could film a sentencing and show it to people in high school, this would be a good one, and kind of tell high school kids, you know, this is what can happen to you when you make choices that are the bad choices right here. And that's what's happened.

But I think he's committed to trying to atone not only to the Court, to his family, but to the citizens of this country and try to -- try to help in this situation. And so we would ask the Court to consider sentencing him at the bottom of the guidelines in this case.

THE COURT: Mr. Leachman?

MR. LEACHMAN: Judge, I don't have anything to add. I don't oppose the bottom of the guidelines. And I would ask the Court to dismiss the remaining counts at the conclusion.

28

THE COURT: Mr. Hershberger, where does your client want to spend his time?

MR. HERSHBERGER: Your Honor, he requests Big Spring.

THE COURT: All right. I'm not departing from the recommended sentence.

Pursuant to the Sentencing Reform Act of 1984, which I have considered in an advisory capacity, and the sentencing factors set forth in 18, United States Code, Section 3553(a), which I have considered in arriving at a reasonable sentence -- and I do find the guideline range in this case to be fair and reasonable -- the following sentence is imposed:

Vincent Flores is placed in the custody of the U.S. Bureau of Prisons to serve a term of imprisonment of 188 months.

I will recommend that he be placed at the men's facility at Big Spring until he becomes eligible to participate in the 500-hour drug treatment program and then be transferred to a facility that has that program; that he gets also education and job training.

Upon release from the Bureau of Prisons, you're placed on supervised release for a term of five years.

The general terms of supervised release are those set for the U.S. Courts for the Western District of Texas.

# CHAPTER FOUR -CRIMINAL HISTORY AND CRIMINAL LIVELIHOOD

### §4A1.2. Definitions and Instructions for Computing Criminal History

**(a)     Prior Sentence**

(1)     The term "prior sentence" means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of <u>nolo</u> <u>contendere</u>, for conduct not part of the instant offense.

**(f)     Diversionary Dispositions**

Diversion from the judicial process without a finding of guilt (<u>e.g.</u>, deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of <u>nolo</u> <u>contendere</u>, in a judicial proceeding is counted as a sentence under §4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.

9.     *Diversionary Dispositions.—Section 4A1.2(f) requires counting prior adult diversionary dispositions if they involved a judicial determination of guilt or an admission of guilt in open court. This reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency.*

# SENTENCING TABLE
### (in months of imprisonment)

| Offense Level | Criminal History Category (Criminal History Points) | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | I (0 or 1) | II (2 or 3) | III (4, 5, 6) | IV (7, 8, 9) | V (10, 11, 12) | VI (13 or more) |
| **Zone A** 1 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 |
| 2 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 | 1-7 |
| 3 | 0-6 | 0-6 | 0-6 | 0-6 | 2-8 | 3-9 |
| 4 | 0-6 | 0-6 | 0-6 | 2-8 | 4-10 | 6-12 |
| 5 | 0-6 | 0-6 | 1-7 | 4-10 | 6-12 | 9-15 |
| 6 | 0-6 | 1-7 | 2-8 | 6-12 | 9-15 | 12-18 |
| 7 | 0-6 | 2-8 | 4-10 | 8-14 | 12-18 | 15-21 |
| 8 | 0-6 | 4-10 | 6-12 | 10-16 | 15-21 | 18-24 |
| **Zone B** 9 | 4-10 | 6-12 | 8-14 | 12-18 | 18-24 | 21-27 |
| **Zone C** 10 | 6-12 | 8-14 | 10-16 | 15-21 | 21-27 | 24-30 |
| 11 | 8-14 | 10-16 | 12-18 | 18-24 | 24-30 | 27-33 |
| 12 | 10-16 | 12-18 | 15-21 | 21-27 | 27-33 | 30-37 |
| 13 | 12-18 | 15-21 | 18-24 | 24-30 | 30-37 | 33-41 |
| 14 | 15-21 | 18-24 | 21-27 | 27-33 | 33-41 | 37-46 |
| 15 | 18-24 | 21-27 | 24-30 | 30-37 | 37-46 | 41-51 |
| 16 | 21-27 | 24-30 | 27-33 | 33-41 | 41-51 | 46-57 |
| 17 | 24-30 | 27-33 | 30-37 | 37-46 | 46-57 | 51-63 |
| 18 | 27-33 | 30-37 | 33-41 | 41-51 | 51-63 | 57-71 |
| 19 | 30-37 | 33-41 | 37-46 | 46-57 | 57-71 | 63-78 |
| 20 | 33-41 | 37-46 | 41-51 | 51-63 | 63-78 | 70-87 |
| 21 | 37-46 | 41-51 | 46-57 | 57-71 | 70-87 | 77-96 |
| 22 | 41-51 | 46-57 | 51-63 | 63-78 | 77-96 | 84-105 |
| 23 | 46-57 | 51-63 | 57-71 | 70-87 | 84-105 | 92-115 |
| 24 | 51-63 | 57-71 | 63-78 | 77-96 | 92-115 | 100-125 |
| 25 | 57-71 | 63-78 | 70-87 | 84-105 | 100-125 | 110-137 |
| 26 | 63-78 | 70-87 | 78-97 | 92-115 | 110-137 | 120-150 |
| 27 | 70-87 | 78-97 | 87-108 | 100-125 | 120-150 | 130-162 |
| **Zone D** 28 | 78-97 | 87-108 | 97-121 | 110-137 | 130-162 | 140-175 |
| 29 | 87-108 | 97-121 | 108-135 | 121-151 | 140-175 | 151-188 |
| 30 | 97-121 | 108-135 | 121-151 | 135-168 | 151-188 | 168-210 |
| 31 | 108-135 | 121-151 | 135-168 | 151-188 | 168-210 | 188-235 |
| 32 | 121-151 | 135-168 | 151-188 | 168-210 | 188-235 | 210-262 |
| 33 | 135-168 | 151-188 | 168-210 | 188-235 | 210-262 | 235-293 |
| 34 | 151-188 | 168-210 | 188-235 | 210-262 | 235-293 | 262-327 |
| 35 | 168-210 | 188-235 | 210-262 | 235-293 | 262-327 | 292-365 |
| 36 | 188-235 | 210-262 | 235-293 | 262-327 | 292-365 | 324-405 |
| 37 | 210-262 | 235-293 | 262-327 | 292-365 | 324-405 | 360-life |
| 38 | 235-293 | 262-327 | 292-365 | 324-405 | 360-life | 360-life |
| 39 | 262-327 | 292-365 | 324-405 | 360-life | 360-life | 360-life |
| 40 | 292-365 | 324-405 | 360-life | 360-life | 360-life | 360-life |
| 41 | 324-405 | 360-life | 360-life | 360-life | 360-life | 360-life |
| 42 | 360-life | 360-life | 360-life | 360-life | 360-life | 360-life |
| 43 | life | life | life | life | life | life |

16788004

EXHIBIT C
PAGE 1 OF 2

# CHAPTER FOUR -CRIMINAL HISTORY AND CRIMINAL LIVELIHOOD

§4A1.2. **Definitions and Instructions for Computing Criminal History**

(a)      **Prior Sentence**

(1)      The term "prior sentence" means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of <u>nolo</u> contendere, for conduct not part of the instant offense.

(f)      **Diversionary Dispositions**

Diversion from the judicial process without a finding of guilt (<u>e.g.</u>, deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of <u>nolo</u> contendere, in a judicial proceeding is counted as a sentence under §4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.

9.      *Diversionary Dispositions.*—*Section 4A1.2(f) requires counting prior adult diversionary dispositions if they involved a judicial determination of guilt or an admission of guilt in open court. This reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency.*

EXHIBIT C
PAGE 2 OF 2

# SENTENCING TABLE
### (in months of imprisonment)

| | Criminal History Category (Criminal History Points) | | | | | |
|---|---|---|---|---|---|---|
| Offense Level | I (0 or 1) | II (2 or 3) | III (4, 5, 6) | IV (7, 8, 9) | V (10, 11, 12) | VI (13 or more) |
| 1 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 |
| 2 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 | 1-7 |
| 3 | 0-6 | 0-6 | 0-6 | 0-6 | 2-8 | 3-9 |
| 4 | 0-6 | 0-6 | 0-6 | 2-8 | 4-10 | 6-12 |
| 5 | 0-6 | 0-6 | 1-7 | 4-10 | 6-12 | 9-15 |
| 6 | 0-6 | 1-7 | 2-8 | 6-12 | 9-15 | 12-18 |
| 7 | 0-6 | 2-8 | 4-10 | 8-14 | 12-18 | 15-21 |
| 8 | 0-6 | 4-10 | 6-12 | 10-16 | 15-21 | 18-24 |
| 9 | 4-10 | 6-12 | 8-14 | 12-18 | 18-24 | 21-27 |
| 10 | 6-12 | 8-14 | 10-16 | 15-21 | 21-27 | 24-30 |
| 11 | 8-14 | 10-16 | 12-18 | 18-24 | 24-30 | 27-33 |
| 12 | 10-16 | 12-18 | 15-21 | 21-27 | 27-33 | 30-37 |
| 13 | 12-18 | 15-21 | 18-24 | 24-30 | 30-37 | 33-41 |
| 14 | 15-21 | 18-24 | 21-27 | 27-33 | 33-41 | 37-46 |
| 15 | 18-24 | 21-27 | 24-30 | 30-37 | 37-46 | 41-51 |
| 16 | 21-27 | 24-30 | 27-33 | 33-41 | 41-51 | 46-57 |
| 17 | 24-30 | 27-33 | 30-37 | 37-46 | 46-57 | 51-63 |
| 18 | 27-33 | 30-37 | 33-41 | 41-51 | 51-63 | 57-71 |
| 19 | 30-37 | 33-41 | 37-46 | 46-57 | 57-71 | 63-78 |
| 20 | 33-41 | 37-46 | 41-51 | 51-63 | 63-78 | 70-87 |
| 21 | 37-46 | 41-51 | 46-57 | 57-71 | 70-87 | 77-96 |
| 22 | 41-51 | 46-57 | 51-63 | 63-78 | 77-96 | 84-105 |
| 23 | 46-57 | 51-63 | 57-71 | 70-87 | 84-105 | 92-115 |
| 24 | 51-63 | 57-71 | 63-78 | 77-96 | 92-115 | 100-125 |
| 25 | 57-71 | 63-78 | 70-87 | 84-105 | 100-125 | 110-137 |
| 26 | 63-78 | 70-87 | 78-97 | 92-115 | 110-137 | 120-150 |
| 27 | 70-87 | 78-97 | 87-108 | 100-125 | 120-150 | 130-162 |
| 28 | 78-97 | 87-108 | 97-121 | 110-137 | 130-162 | 140-175 |
| 29 | 87-108 | 97-121 | 108-135 | 121-151 | 140-175 | 151-188 |
| 30 | 97-121 | 108-135 | 121-151 | 135-168 | 151-188 | 168-210 |
| 31 | 108-135 | 121-151 | 135-168 | 151-188 | 168-210 | 188-235 |
| 32 | 121-151 | 135-168 | 151-188 | 168-210 | 188-235 | 210-262 |
| 33 | 135-168 | 151-188 | 168-210 | 188-235 | 210-262 | 235-293 |
| 34 | 151-188 | 168-210 | 188-235 | 210-262 | 235-293 | 262-327 |
| 35 | 168-210 | 188-235 | 210-262 | 235-293 | 262-327 | 292-365 |
| 36 | 188-235 | 210-262 | 235-293 | 262-327 | 292-365 | 324-405 |
| 37 | 210-262 | 235-293 | 262-327 | 292-365 | 324-405 | 360-life |
| 38 | 235-293 | 262-327 | 292-365 | 324-405 | 360-life | 360-life |
| 39 | 262-327 | 292-365 | 324-405 | 360-life | 360-life | 360-life |
| 40 | 292-365 | 324-405 | 360-life | 360-life | 360-life | 360-life |
| 41 | 324-405 | 360-life | 360-life | 360-life | 360-life | 360-life |
| 42 | 360-life | 360-life | 360-life | 360-life | 360-life | 360-life |
| 43 | life | life | life | life | life | life |

Zone A (Offense Levels 1-8)
Zone B (Offense Levels 9-10)
Zone C (Offense Levels 11-12)
Zone D (Offense Levels 13-43)

16788004